IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEARL GORMAN  and | ) | |
| DENNIS GORMAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-1412 |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, District Judge

## OPINION
## and
## ORDER OF COURT

Plaintiff Pearl Gorman ("Gorman") slipped and fell while inside a store belonging to Defendant Kohl's Department Stores, Inc. ("Kohl's").  Gorman alleges that she tripped over a clothing rack which had been unsafely positioned in the aisle.  Together, Gorman and her husband assert claims of negligence and loss of consortium.

Kohl's has filed a Motion for Summary Judgment. See ECF Docket No. [32]. Kohl's challenges, among other things, the sufficiency of Gorman's evidence relating to its notice of the

1

allegedly dangerous placement of the clothing rack. After careful review, I agree with Kohl's that Gorman has not provided any evidence that it was either responsible for the placement of the clothing rack in the aisle,[1] had actual notice of the placement of the rack, or had constructive notice of the rack's placement.  As such, Kohl's is entitled to summary judgment in its favor on the negligence claim and the dependent loss of consortium claim.

Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[1] For purposes of summary judgment, I will accept that the clothing rack was positioned in the aisle and that Gorman, in fact, tripped on it.

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.  Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322.  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Analysis

As stated above, Gorman asserts a negligence claim against Kohl's.  Under Pennsylvania law, a claim for negligence requires Gorman to provide proof of four elements: (1) a duty or obligation on the part of Kohl's; (2) a failure to conform to that standard; (3) a causal connection between the breach and the resulting injury; and (4) actual loss or damage. See Krentz v. Consol. Rail Corp., 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2006) and Hower v. Wal-Mart

Stores, Inc., Civ. No. 8-1736, 2009 WL 1688474 at * 3 (E.D. Pa. June 16, 2009).  With respect to the first factor, the nature of the duty depends "upon the relationship between the parties at the time of the plaintiff's injury." Hower, 2009 WL 1688474 at * 3, *citing*, Pgh. Nat'l Bank v. Perr, 431 Pa. Super. 580, 637 A.2d 334, 336 (1994). Here, the parties agree that Gorman was a "business invitee."

"Under Pennsylvania law, landowners owe business invitees 'the highest duty owed to any entrant upon land.'" Baynes v. The Home Depot USA, Civ. No. 9-3686, 2011 WL 3313658 at * 6 (E.D. Pa. June 9, 2011).  Thus, a landowner is liable to a business invitee under Pennsylvania law for dangerous conditions on his / her property, where the business invitee demonstrates that the landowner: (1) knows or reasonably should have known of the dangerous condition; (2) should have expected that the invitee would not discover or realize the danger; and (3) failed to exercise reasonable care to protect the invitee against the danger. See Baynes, 2011 WL 331358 at * 6, *citing*, Farina v. Miggys Corp. Five & Six, Civ. No. 9-141, 2010 WL 3024757 at * 4 (M.D. Pa. July 29, 2010).  See also, Hower, 2009 WL 1688474 at * 3 and Henderson v. J.C. Penny Corp., Civ. No. 8-177, 2009 WL 426180 at * 3 (E.D. Pa. Feb. 20, 2009).  Consequently, "[i]n a premises liability action involving a slip-and-fall, "[t]he threshold of establishing a breach of duty is notice of the hazardous condition. Scruggs v. Retail Ventures,

Inc., No. 06-1148, 2008 WL 268747 at * 5 (W.D. Pa. July 8, 2008)." Hower, 2009 WL 1688474 at * 3 (emphasis added).

In order to establish notice here, Gorman must prove either that Kohl's "had a hand in creating the harmful condition, or … had actual or constructive notice of such condition." Id. Gorman has not introduced any evidence that Kohl's placed the clothing rack onto the tiled floor or that a Kohl's employee was aware of the presence of the clothing rack on the tiled floor prior to Gorman's fall.  Consequently, Gorman must demonstrate that Kohl's had constructive notice of the placement of the clothing rack in order to prevail. See Baynes, 2011 WL 2313658 at * 6.

Various factors are relevant to determining whether Kohl's had constructive notice of the placement of the clothing rack, including: "(1) the time elapsing between the creation of the defect and the accident; (2) the size and physical condition of the premises; (3) the nature of the business conducted there; (4) the probable cause of the condition; and (5) the opportunity a reasonably prudent person would have had to remedy it." Baynes, 2011 WL 2313658 at * 7, *citing*, Henderson v. JC Penny Corp, Inc., 8-177, 2009 WL 426180 at * 4 (E.D. Pa. Feb. 20, 2009).  Gorman has not offered any evidence bearing on any of these five factors.  For instance, she has not suggested how much time elapsed between the time the clothing rack encroached onto the aisle and the time she tripped upon it.  Nor does she explain what caused

5

the clothing rack to be placed in the aisle. She does not provide any evidence suggesting how a reasonably prudent person could have remedied the allegedly dangerous placement of the clothing rack between the time it was placed on the aisle and the time she tripped on it. Simply stated, she has not adduced any evidence remotely suggesting that Kohl's had constructive notice of the placement of the clothing rack on the aisle. She has not carried her burden in this regard.[2]

In contrast, Kohl's proffered testimony indicating that minutes before Gorman entered the store, the area where she fell had been inspected for safety issues and had been found free of any tripping hazards. See Connie Houke Dep., P. 45-46, ECF Docket No. 40-4. Kohl's also submitted testimony from another customer who had walked down the tiled aisle moments before Gorman and who had no difficulty in traversing the floor. See Melvin Masula Dep., p. 6-10, ECF Docket No. 35-4. Both Houke's and Masula's uncontradicted testimony suggests that not much time could have elapsed between the "creation of the defect" and Gorman's accident. Additionally, the testimony suggests that here could not have been an opportunity for a reasonably prudent person to remedy the defect.

---

[2] Gorman's entire brief is devoted, instead, to arguing the details of the exact placement of the rack and the nature of the fall. Though to succeed on her claim Gorman certainly would have to demonstrate that the placement of the rack was dangerous, notice is also a crucial element.

Because Gorman has not offered any evidence of constructive notice (and indeed because the only evidence of record contradicts a finding of constructive notice), Kohl's is entitled to the grant of summary judgment in its favor on the claim of negligence. See Henderson, 2009 WL 426180 at * 5 (finding that where a plaintiff failed to present any evidence as to the length of time a tag which plaintiff tripped over was present on the ground, the record was insufficient to justify the submission of the question of constructive notice to a jury); see also, Estate of Swift v. Ne. Hosp. of Phila., 456 Pa. Super. 330, 690 A.2d 719, 722-23 (1997) (affirming the grant of summary judgment where the evidence showed that water was spilled, but not how long the hazardous condition existed prior to the plaintiff's accident); Moultrey v. Great Atl. & Pac. Tea Co., 281 Pa. Super. 525, 422 A.2d 593, 596-97 (1980) (affirming a grant of a compulsory non-suit where the plaintiff, who slipped on a cherry in the defendant's store, failed to offer evidence as to how the cherry got on the floor, how long it had been there, and when the floor had last been cleaned); and Read v. Sam's Club, Civ. No. 5-170, 2005 WL 2346112 at * 4 (E.D. Pa. Sept. 23, 2005) (finding that the plaintiff's failure to provide evidence as to the origin of the spill or the length of time the spill remained on the floor prior to the accident to be fatal to the viability of the claim).  Kohl's is also entitled to a grant of summary judgment in its favor on the claim for loss of consortium, as it is an entirely derivative claim. See

Scattaregia v. Shin Shen Wu, 343 Pa. Super. 452, 455, 495 A.2d 552, 553 (1985), Little v. Jarvis, 219 Pa. Super. 156, 280 A.2d 617 (1971) and Schrim v. Campbell Soup Co., Civ. No. 5-1496, 2007 WL 2345288 at * 9 (W.D. Pa. August 16, 2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEARL GORMAN and | ) | |
| DENNIS GORMAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-142 |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, District Judge


AND NOW, this 30th day of September, 2011, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment (ECF Docket No. [32]) is GRANTED.

By the Court:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge